**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CIVIL ACTION NO. _____** |
| **O'NEILL & JACKSON** | ) | |

---

**NON-PARTY  O'NEILL & JACKSON'S AND DEFENDANTS' MOTION
TO QUASH OR MODIFY SUBPOENA DUCES TECUM AND BRIEF**

---

Daniel L. Bates
Decker Jones, P.C.
801 Cherry Street
Suite 2000, Unit #46
Fort Worth, Texas 76102-6836
Telephone: (817) 336-2400
Facsimile: (817) 332-3043
dbates@deckerjones.com

Counsel for O'Neill & Jackson
USHEALTH Group, Inc. and
USHEALTH Advisors, LLC.

# Table of Contents

Table of Contents ................................................................................................................... i

Table of Authorities ............................................................................................................... ii

I.  Summary of Relief Requested ......................................................................................... 1

II.  Parties ............................................................................................................................. 2

III.  Jurisdiction and Venue .................................................................................................. 2

IV.  Facts Germane to Motion .............................................................................................. 3

    A.  Document Category # 1 ............................................................................................. 5

    B.  Document Category # 2 ............................................................................................. 6

    C.  Document Category # 3 ............................................................................................. 7

    D.  Document Category # 4 ............................................................................................. 8

    E.  Document Category #5 ............................................................................................... 9

    F.  Document Category #6 .............................................................................................. 10

    G.  Document Category #7 ............................................................................................. 11

V.  Arguments and Authorities .......................................................................................... 11

    A.  The Subpoena Improperly Seeks Privileged Information ......................................... 11

    B.  The Subpoena Improperly Seeks Confidential Information ...................................... 13

    C.  The Subpoenas are Over Broad, Unduly Burdensome and Not Proportional ........... 14

Conclusion .......................................................................................................................... 14

Certificate of Conference ................................................................................................... 15

Certificate of Service .......................................................................................................... 16

Non-Party Jackson & O'Neill's Motion to Quash Subpoena Duces Tecum and Brief
03847.03006/438637
    i

# Table of Authorities

**Cases**

*Chamberlain v.  Farmington Say. Bank*,
  No. 3:06CV01437 CFD, 2007 U.S. Dist. LEXIS 70376 (D. Conn Sept. 25, 2007 ..................... 13

*HDSherer LLC v. Nat. Molecular Testing Corp.*,
  292 F.R.D. 305 (D.S.C. 2013).......................................................................................................... 13

*Shukh v. Seagate Tech., LLC*,
  295 F.R.D. 228 (D. Minn. 2013)..................................................................................................... 13

*Wiwa v. Royal Dutch Petroleum Co.*,
  392 F.3d 812 (5th Cir. 2004 ........................................................................................................... 13

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................................. 14
Fed. R. Civ. P. 45 ...........................................................................................................................passim

**Treatises**

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2456 (3d ed) ...... 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:                  )       **CIVIL ACTION NO. _____**

O'NEILL & JACKSON       )

**NON-PARTY  O'NEILL & JACKSON'S AND DEFENDANTS' MOTION**
**TO QUASH SUBPOENA DUCES TECUM OBJECTIONS AND BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, O'Neill & Jackson, together with Defendants, USHEALTH Group, Inc. and USHEALTH Advisors, LLC (collectively referred to as "Movants") through their attorney to make and file this Motion to Quash or Modify Subpoena Duces Tecum and for protection therefrom.  As grounds supporting the motion Movants would respectfully show the Court as follows:

**I.**
**Summary of Relief Requested**

1.0      Movants ask the Court to quash the subpoena *duces tecum* served upon O'Neill & Jackson because the subpoena to lawyers representing USHEALTH Group, Inc. and USHEALTH Advisors, LLC violates the attorney-client privilege existing between and among USHEALTH Group, Inc., USHEALTH Advisors, LLC and its lawyers.

1.1      Alternatively, Movants ask the Court to modify the subpoena *duces tecum* to remove from its auspices all documents that are privileged by the attorney-client privilege or exempt from discovery as attorney work product.

1.2      Movants ask the Court to sustain each objection made to the subpoena duces tecum including that in seeking documents and information from the files of Defendants' lawyers, all that is sought is necessarily material that is privileged from production; and

alternatively an inadequate time to respond.

1.3    Movants request that the Court issue an order protecting them from these and any additional subpoenas that may issue for documents and information that are *a fortiori* privileged.

## II.
## Parties

2.0    Movant, USHEALTH Group, Inc., is a Delaware corporation with its principal place of business in Fort Worth, Texas.  USHEALTH Group, Inc. is a holding company owning and holding interests in insurance companies and insurance agencies, among others.

2.1    Movant, USHEALTH Advisors, LLC, is a Texas Limited Liability Company with its principal place of business in Fort Worth, Texas.  USHEALTH Advisors, LLC a licensed insurance agency, which contracts with licensed agents as independent contractors, and which in turn market and sell insurance products.

2.2    Movant, O'Neill & Jackson, principally Patrick H. O'Neill, Esq. and James L. Jackson, Jr., Esq. are duly licensed lawyers who represent USHEALTH Group, Inc. as well as its affiliates.

2.3    Respondent, Trudy Reynolds, is a plaintiff in a civil action.  The lawsuit is Civil Action No. 17-cv-061125-MGC in the United States District Court for the Southern District of Florida.  Reynolds is a purported representative of a, as yet uncertified, class of plaintiffs.

## III.
## Jurisdiction and Venue

3.0    Jurisdiction in this district and division is based on the pendency of the Civil

Action in the Southern of District of Florida. Venue in this district and division is proper pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) as the court in the place of compliance with a *subpoena duces tecum*. O'Neill & Jackson has its principal place of practice in and is located in Fort Worth, Texas. All Movants have their principal places of business in Fort Worth, Texas. Further, the subpoena seeks compliance in Fort Worth. Accordingly, Movants files there motion to quash here in the Fort Worth Division of the Northern District of Texas.

## IV.
## Facts Germane to Motion

4.0     The subpoena was issued from a case before the United States District Court for the Southern District of Florida, Civil Action No. 0:17-cv-061125-MGC filed on 08/15/2017 (hereinafter referred to as the "Lawsuit").

4.1     USHEALTH Group, Inc., a Defendant in the Lawsuit, is merely a holding company that owns 100% of USHEALTH Advisors, LLC. Although USHEALTH Group, Inc. is named as a defendant in the Lawsuit, it has challenged personal jurisdiction in the Southern District of Florida. USHEALTH Advisors, LLC is a Defendant in the Lawsuit and is a licensed insurance agency in Texas and elsewhere. Movant, O'Neill & Jackson, are not parties to the Lawsuit but represent USHEALTH Group, Inc. and all of its affiliates and subsidiaries, including without limitation, USHEALTH Advisors, LLC, and secured local counsel in Florida for representation of these Movants in the Lawsuit.

4.2     The Lawsuit asserts a cause of action for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. On November 2, 2017, James L. Jackson, Jr. was personally served with a *subpoena duces tecum* (hereinafter SDT) commanding O'Neill & Jackson, as lawyers representing the other Movants in the Lawsuit to produce

documents on November 14, 2017 at 10:00 a.m. via email.  Importantly, the Plaintiff has served nearly identical requests for documents in a request for production to USHEALTH Advisors, LLC, which timely interposed and served objections to the response.  Instead of asking the Court in the Southern District of Florida to resolve those objections, the Plaintiff instead is attempting to "backdoor" these documents (if any such documents exist) through the SDT upon the Movants' attorneys.  Therefore, Movants generally object to the entirety of the SDT served upon the lawyers because it violates FRCP 26 (b) (2) (C) (i) in that it is unreasonably cumulative and duplicative. Further, attempting to subpoena the files of lawyers is more costly, time consuming, burdensome and inconvenient.  Reynolds should be required to simply complete the document production process in progress.

4.3    O'Neill & Jackson routinely represent and have for years represented USHEALTH Group, Inc. and all of its subsidiaries and affiliates, including without limitation, USHEALTH Advisors, LLC.  Accordingly, at all material times an attorney-client relationship has existed and now exists between and among O'Neill & Jackson and USHEALTH Group, Inc. and USHEALTH Advisors, LLC.  The scope of legal representation of these Movants by O'Neill & Jackson specifically includes, without limitation, the subject matter of the Lawsuit.

4.4    Movants object to the subpoena duces tecum in its entirety because any and all of the documents in the files of O'Neill & Jackson regarding or relating to USHEALTH Group, Inc. and USHEALTH Advisors, LLC are possessed because of legal representation of Movants USHEALTH Group, Inc., USHEALTH Advisors, LLC by O'Neill & Jackson.

## A.      Document Category # 1

4.5      The first category of documents commended to be produced are: "1. All telemarketing complaints that relate to USHEALTH ADVISORS, USHEALTH GROUP, or any USHEALTH ADVISORS AGENT. This request specifically includes any telemarketing complaints made by mail, email, or telephone; submitted through online forms or social media; submitted to any government agency; submitted to any other organization such as the Federal Trade Commission, Federal Communications Commission, Better Business Bureau, Chamber of Commerce, or other consumer advice or protection organization; or any other organization of any kind. (Note: This request is limited to DOCUMENTS related to complaints that YOU were notified about.)"

4.6      Movants object to the subpoena for these documents because any and all telemarketing complaints about which O'Neill & Jackson (O'Neill & Jackson is defined as "You" in the definitions within the SDT) have been notified were necessarily received and possessed because of the legal representation by O'Neill & Jackson.  Therefore, all complaints (if any) are squarely within the attorney-client privilege.  Whether there are any complaints about which these lawyers were notified is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege.

4.7      Movants further object to document category number one because the documents are confidential and not for disclosure by Movants' lawyers.    No confidentiality agreement has been made and no protective order for confidentiality has been issued by the Court in the Lawsuit.

4.8      Movants further object to document category number one because the documents are irrelevant and immaterial.  They are not reasonably calculated to lead to

discovery of relevant or admissible evidence as to Reynolds in the Lawsuit.  There is no limitation as to similarity in circumstance which would ensure relevance and materiality.

B.    **Document Category # 2**

4.9    The second category of documents commended to be produced are: "2. All DOCUMENTS and COMMUNICATIONS that relate to any telemarketing complaints related to USHEALTH ADVISORS, USHEALTH GROUP, or any USHEALTH ADVISORS AGENT, including any responses to such complaints as well as attachments to those responses."

4.10    Movants object to the subpoena for these documents because it is overbroad. Even beyond the fact that Movants' lawyers are the party subpoenaed, there is no limitation and no effort at all to limit the category of documents commended to be to eliminate those obviously covered by the attorney-client privilege.  Likewise, no effort is made to limit of eliminate documents that are exempt from discovery as attorney work product. Demanding "all" documents that relate to complaints that maybe the subject of legal representation necessarily includes attorney work product and attorney-client communication.

4.11    Movants object to the subpoena for these documents in category two because any and all documents and communication which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.  Therefore, all documents and communications in documents category two are squarely within the attorney-client privilege.   Whether there are any complaints and communications, including responses as to these lawyers is privileged and confidential

and Movants decline to authorize their lawyers to waive the attorney-client privilege. Movants' lawyers object and assert work product exemptions from discovery.

4.12   Movants further object to document category number two because the documents are confidential and not for disclosure by Movants' lawyers.   No confidentiality agreement has been made and no protective order for confidentiality has been issued by the Court in the Lawsuit.

4.13   Movants further object to document category number two because the documents are irrelevant and immaterial.   They are not reasonably calculated to lead to discovery of relevant or admissible evidence as to Reynolds in the Lawsuit.   There is no limitation as to similarity in circumstance which would ensure relevance and materiality.

**C.   Document Category # 3**

4.14   The next category of documents commended to be produced are: **"**3. All non-privileged DOCUMENTS and COMMUNICATIONS that relate to USHEALTH ADVISORS' or USHEALTH GROUP' POLICIES for responding to telemarketing complaints."

4.15   Movants object to the subpoena for these documents in category three because any and all documents and communication which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.   This includes any all policies for responding to complaints that may exist along with any and all documents that may relate to any such policies for responding to complaints. As to these lawyers for Movants, whether there are any policies about responses including responses as to these lawyers is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege.

**D.      Document Category # 4**

4.16    The next category of documents commended to be produced are: "4. All DOCUMENTS, COMMUNICATIONS, and data, including DATABASES or lists, that relate to records of any telemarketing calls made by USHEALTH ADVISORS,USHEALTH GROUP, or any USHEALTH ADVISORS AGENT, including, but not limited to the following: a. The dates of the telemarketing calls; b. The number of telemarketing calls; c. Lead data associated with each telemarketing call; d. Call routing data; and e. Any other information regarding the telemarketing calls (e.g., call data records, reports, data compilations, verifications, opt-in or opt-out records, transmission reports, recordings, etc.)."

4.17    Movants object to the subpoena for these documents in category four because any and all documents, communication, data bases and/or lists which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.   Therefore, all documents and communications in documents category four are squarely within the attorney-client privilege.   Whether there are any documents, communications, data bases and/or lists of complaints or concerning or related to telemarketing calls as to these lawyers is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege.

4.18    Movants object to the subpoena for these documents in category four because it is overbroad. Even beyond the fact that Movants' lawyers are the party subpoenaed, there is no limitation and no effort at all to limit the category of documents commanded to be produced to eliminate those obviously covered by the attorney-client privilege, or to limit the requests to the same or similar alleged facts giving rise to the Lawsuit.

Further, there is no limitation to make any attempt to eliminate documents exempt from discovery as attorney work product.   Seek "all" documents in a SDT to lawyers, especially on a subject upon which there is active representation necessarily include work product.  Movants lawyers object and claim attorney work product exemption from discovery.

## E.    Document Category #5

4.19   The next category of documents commended to be produced are: "5. All DOCUMENTS, COMMUNICATIONS, and data, including DATABASES or lists, that evidence a PERSON'S consent to receive telemarketing calls from USHEALTH ADVISORS, USHEALTH GROUP, or any USHEALTH ADVISORS AGENT."

4.20   Movants object to the subpoena for these documents in category five because any and all documents, communication, data bases and/or lists which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.   Therefore, all documents and communications in documents category five are squarely within the attorney-client privilege.   Whether there are any complaints, communications, data bases and/or lists of complaints or concerning or related to consent to receive telephone calls, as to these lawyers, is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege.

4.21   Movants object to the subpoena for these documents in category five because it is overbroad. Even beyond the fact that Movants' lawyers are the party subpoenaed, there is no limitation and no effort at all to limit the category of documents commanded to be produced to eliminate those obviously covered by the attorney-client privilege, or

to limit the requests to the same or similar alleged facts giving rise to the Lawsuit. Likewise there is no attempt to limit to eliminate documents exempt from discovery as attorney work product.   Movants' lawyers object and claim attorney work product exemption from discovery.

## F.      Document Category #6

4.22    The next category of documents commended to be produced are: "6. All DOCUMENTS, COMMUNICATIONS, and data, including DATABASES or lists, that evidence a PERSON'S revocation of consent to receive telemarketing calls from USHEALTH ADVISORS, USHEALTH GROUP, or any USHEALTH ADVISORS AGENT.

4.23    Movants object to the subpoena for these documents in category six because any and all documents, communication, data bases and/or lists which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.   Therefore, all documents and communications in documents category six are squarely within the attorney-client privilege.   Whether there are any complaints, communications, data bases and/or lists of concerning or related to revocation of consent to receive telephone calls, as to these lawyers, is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege.

4.24    Movants object to the subpoena for these documents in category six because it is overbroad. Even beyond the fact that Movants' lawyers are the party subpoenaed, there is no limitation and no effort at all to limit the category of documents commanded to be produced to eliminate those obviously covered by the attorney-client privilege, or

to limit the requests to the same or similar alleged facts giving rise to the Lawsuit. Likewise there is no attempt to limit to eliminate documents exempt from discovery as attorney work product.   Movants' lawyers object and claim attorney work product exemption from discovery.

## G.     Document Category #7

4.25   The next category of documents commended to be produced are: "7. All non-privileged DOCUMENTS, including COMMUNICATIONS, exchanged

with USHEALTH ADVISORS, USHEALTH GROUP, or any USHEALTH ADVISORS

AGENT related to telemarketing and/or generating leads."

4.26   Movants object to the subpoena for these documents in category seven because any and all documents and communications which O'Neill & Jackson possess are necessarily received and maintained because of the legal representation by O'Neill & Jackson.   Therefore, all documents and communications in documents category seven are squarely within the attorney-client privilege.   Whether there are any documents or communication, data bases and/or lists concerning or related to telemarketing or lead generation, as to these lawyers, is privileged and confidential and Movants decline to authorize their lawyers to waive the attorney-client privilege. Likewise there is no attempt to limit to eliminate documents exempt from discovery as attorney work product. Movants' lawyers object and claim attorney work product exemption from discovery.


## V.
## Arguments and Authorities

## A.     The Subpoena Improperly Seeks Privileged Information

5.0     USHEALTH's complaint is not that it has to engage in the document production

process as it would be required to engage in most any lawsuit (although, as indicated above, USHEALTH Group, Inc. has challenged personal jurisdiction in the Southern District of Florida).   Rather, it is that Reynolds has elected to forego and ignore completion of the traditional document production process in favor of issuing a *subpoena duces tecum* to its lawyers.   Importantly, the Plaintiff has served nearly identical requests for documents in a request for production to USHEALTH Advisors, LLC, which timely interposed and served objections to the response.   Instead of asking the Court in the Southern District of Florida to resolve those objections, the Plaintiff instead is attempting to "backdoor" the documents (if any such documents exist) through the request to the Movants attorneys.

5.1   Federal Rule of Civil Procedure 45 governs discovery from non-parties through the issuance of subpoenas. *See* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment (In Rule 45, "'person' is substituted for 'party' because the subpoena may be directed to a nonparty."); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2456 (3d ed)  ("The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials."). A subpoena may command "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A); *see also id.* 45(d)(2)(A) ("A person commanded to produce documents . . . need not appear in person at the place of production . . . unless also commanded to appear for a deposition, hearing, or trial.").

5.2   Importantly, however, as with any other forms of discovery, the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b).  See *Chamberlain v.*

*Farmington Say. Bank*, No. 3:06CV01437 CFD, 2007 U.S. Dist. LEXIS 70376 (D. Conn Sept. 25, 2007) (citing, *inter alia*, Fed. R. Civ. P. 45 advisory committee's notes to 1970 amendment (stating "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules")); *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) ("[S]ubpoenas issued under Rule 45 are subject to the same constraints that apply to all of the other methods of formal discovery." (internal quotation marks and citation omitted)). Thus, while "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena[,] . . . the [c]ourt must review . . . subpoenas duces tecum under the relevancy standards set forth in Rule 26(b)." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

5.3     Applying the requirements and protection Rule 26, upon timely motion this Court "must quash or modify a subpoena that . . . requires disclosure of privileged matter . . . ." Fed. R. Civ. P. 45(d)(3)(iii).  Facially, the subject SDT of Movants' lawyers contain nothing but numerous requests that seek privileged information either via the attorney client privilege or attorney work product exemption from discovery.

**B.  The Subpoena Improperly Seeks Confidential Information**

5.4       As to the lawyers representing USHEALTH the SDT seeks confidential documents and information.  It is typical that complaints, if any, other than that of Reynolds are resolved in a confidential manner.  Accordingly, simply serving a SDT to the lawyers is unreasonable, especially where, as here, a lawyers files are confidential.

**C.      The Subpoenas are Cumulative, Duplicative and Not Proportional**

5.5      The discovery sought need be quashed as it is unduly burdensome.   Rule 45 provides that a court must not enforce a subpoena that violates Fed. R. Civ. P. 26.   The applicability of the protections of Rule 26 (b) (2)(C) (i) is important because   Reynolds has already served a request for document production on the non-lawyer Movants that are the defendants in the underlying lawsuit.   Therefore, this SDT is the exact opposite of obtaining the information and documents from a source that is more convenient, less burdensome and less expensive as Rule 26 requires.

## Conclusion

For the reasons stated above, USHEALTH Group, Inc. objects to and moves to quash the *subpoena duces tecum*.   Because Reynolds has issued the SDT to lawyers in the face of a prior request for production of documents, Movants are entitled to protection from such "backdoor" discovery tactics.   The Court should upon quashing the SDT also protect Movants and its lawyers from further subpoenas.   The Court should require the discovery process proceed to conclusion regarding production requests to the parties to the Lawsuit and not its hometown lawyers who represent or supervise the representation of Movants in litigation. Alternative, to quashing if necessary the Court should modify the SDT to impose the limitations that should have been included in the document requests *ab initio.*

Respectfully submitted,

Daniel L. Bates
State Bar No. 01899900
Email: dbates@deckerjones.com

**DECKER JONES, P.C.**
801 Cherry Street, Unit #46
Burnett Plaza, Suite 2000
Fort Worth, Texas 76102
Telephone:  (817) 336-2400
Telecopier:  (817) 336-2181

ATTORNEY FOR O'NEILL & JACKSON,
USHEALTH GROUP, INC. and USHEALTH
ADVISORS, LLC

**Certificate of Conference**

I hereby certify that on November 13, 2017, a conference was held between counsel for Trudy Reynolds and counsel for Movants concerning the merits of the Motion to Quash Subpoena Duces Tecum served upon O'Neill & Jackson.  Counsel for Reynolds advised that the Motion is opposed and therefore the Motion must be filed and presented to the Court for determination.

*/s/ Daniel L. Bates*
Daniel L. Bates

## **Certificate of Service**

I hereby certify that on November 13, 2017, the foregoing was served via electronic mail and U.S. Mail on the following:

Scott D. Owens
Patrick C. Crotty
SCOTT D. OWENS, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
Email: scott@scottdowens.com
Email: patrick@scottdowens.com

Edward A. Broderick
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Email: ted@broderick-law.com

Beth E. Terrell
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

*Attorneys for Plaintiff*

_____
Daniel L. Bates